IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RONALD R. DEYOUNG,

                   Plaintiff,                           ORDER

v.

                                                  17-cv-380-wmc

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                   Defendant.

The court is in receipt of a motion for reversal and remand for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) by defendant Nancy A. Berryhill, Acting Commissioner of Social Security. (Dkt. #19.) In response to the motion, plaintiff agrees that remand is warranted, but requests that the court limit the Commissioner on remand to consider plaintiff's application for disability from May 13, 2012, to January 6, 2016, only, while preserving a subsequent finding of disability as of January 7, 2016. (Def.'s Br. (dkt. #20) 1-2; Pl.'s Resp. (dkt. #24) 1.) Plaintiff explains, that "[i]f this Court were to remand without specifying the time period at issue, this could affect the new claim." (*Id.*)

Effectively, plaintiff wants the court to instruct the Commissioner *not* to upend the more recent favorable finding on remand. Since the more recent finding of disability is not before this court, however, the court is hard-pressed to understand what authority it has to protect *that* finding. Certainly, plaintiff's concern that the remand of this case could threaten the subsequent favorable finding is understandable, but that is a calculated risk plaintiff makes in seeking to reopen the earlier adverse ruling. Regardless, the court agrees with defendant that the Appeals Council is in a better position with both rulings before it

to determine the effect, if any of the subsequent disability determination on remand, including whether it should be binding on the ALJ on remand of this appeal.  Of course, plaintiff does not waive that issue by consenting to remand and may conceivably challenge an adverse ruling in a subsequent appeal.

Accordingly,

IT IS ORDERED that:

1) Defendant Nancy A. Berryhill's motion to remand (dkt. #19) is GRANTED.

2) The clerk of court is directed to enter judgment under sentence four of 42 U.S.C. § 405(g), reversing the Commissioner's decision with a remand of the cause to the Commissioner according to the following terms.  *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 97-98 (1991).

3) On remand, an Administrative Law Judge (ALJ) will further consider whether plaintiff met or equaled the listed impairments under 20 C.F.R. pt. 404, subpt. P, app. 1.  The ALJ will also further consider the medical opinions and plaintiff's residual functional capacity.  If warranted, the ALJ will consult a vocational expert to assist him in evaluating plaintiff's ability to return to his past relevant work and/or perform a significant number of jobs in the national economy.

4) This remand order renders plaintiff's pending motion for leave to file an amended complaint (dkt. #16) MOOT.

Entered this 25 day of January, 2018.

                            BY THE COURT:

                            /s/
                            _____
                            WILLIAM M. CONLEY
                            District Judge